DECISION
Defendant-appellant, James Stimmel, appeals from a judgment of the Franklin County Court of Common Pleas finding defendant to be a sexual predator as that term is defined in R.C. 2950.01(E). Defendant assigns a single error:
 THE EVIDENCE BEFORE THE COURT WAS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT WAS A SEXUAL PREDATOR, SUBJECT TO THE LIFETIME REGISTRATION AND COMMUNITY NOTIFICATION PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE.
Because the trial court's decision is supported by sufficient evidence in the record, we affirm.
Pursuant to indictment filed March 15, 1985, defendant was charged with one count of rape. A jury trial resulted in defendant's conviction and a life sentence. On appeal, the conviction was affirmed. State v. Stimmel (Feb. 20, 1986), Franklin App. No. 85AP-647, unreported.
By entry filed February 11, 1999, defendant was scheduled for a hearing before the trial court to determine defendant's sexual predator status. At the hearing, the state introduced as evidence defendant's indictment, the transcripts from the first trial, which resulted in a mistrial, and the second trial, the jury's verdict, the sentencing entry, this court's decision affirming the conviction, and defendant's probation records. Based on that evidence, the trial court rendered a decision on May 5, 1999, finding the state had proved by clear and convincing evidence that defendant had been convicted of a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. The trial court premised its decision on the age of the victim, who was ten years old at the time of the offense, the pill the defendant used to impair the victim, the cruelty defendant displayed, and the probation defendant was serving at the time of the offense.
On appeal, defendant asserts the trial court's decision finding him to be a sexual predator is not supported by sufficient evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." While the parties do not dispute that defendant committed a sexually oriented offense, defendant contends that under the factors set forth in R.C.2950.09(B)(2), defendant lacks sufficient indicia of recidivism to conclude he is a sexual predator by clear and convincing evidence.
In examining the factors set forth in R.C. 2950.09(B), we note that at the time of trial in 1985, defendant was twenty-seven years of age. Accordingly, defendant now is in his early forties. R.C. 2950.09(B)(2)(a). While defendant has no prior criminal record relating to sexual offenses, defendant has a prior criminal record, having entered a guilty plea to trafficking in marijuana, a felony of the fourth degree, on April 7, 1983. Although he was placed on probation for a period of three years, his probation was revoked on June 20, 1985. Thus, defendant was on probation at the time he committed the sexually oriented offense prompting the sexual predator hearing. R.C.2950.09(B)(2)(b).
Most significantly, the victim of defendant's crime was ten years of age. R.C. 2950.09(B)(2)(d). Moreover, defendant displayed at least some degree of cruelty in the incident. R.C.2950.09(B)(2)(i). The victim resisted defendant's efforts, screaming and kicking to the point that defendant was forced to rip her nightgown in an attempt to remove it. Although she asked to go home, defendant refused, saying he would not take her home until he got what he wanted. To further aggravate the circumstances, defendant used drugs to impair the victim. R.C.2950.09(B)(2)(e). According to the trial transcript, during the course of defendant's sexual conduct with the victim, he gave the victim a Valium, which induced sleep and allowed defendant to accomplish his purpose.
As this court has noted in the past, because defendant's crimes involve the exploitation of a very young child, "a category of victims most easily exploited by acts of sexual abuse because of their relative defenselessness, the likelihood of recidivism is increased." State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported (1998 Ohio App. Lexis 1392). In a similar case, with facts less aggravated than those present here, this court found the "age of the victim is probative because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. * * * Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that risk of recidivism must be viewed as considerable." State v.Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Ohio App. Lexis 801). Finally, the record contains nothing suggesting defendant received any counseling or treatment following his conviction. R.C. 2950.09(B)(2)(f);Daniels, supra.
Given the foregoing, the record contains sufficient clear and convincing evidence to support the trial court's finding defendant to be a sexual predator. While not all of the factors set forth in R.C. 2950.09(B)(2) are present here, some very significant ones are reflected in the record, including the very young age of the victim, the drug induced sleep to allow defendant to accomplish his purpose, and the force and cruelty defendant displayed in the course of the sexual conduct. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
KENNEDY and LAZARUS, JJ., concur.